**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-461-GW-RAOx | Date | March 20, 2020 |
|---|---|---|---|
| Title | *Alejandra Arteaga, et al. v. FCA US LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS:    IN CHAMBERS - ORDER**

    Pursuant to the Order of the Chief Judge No. 20-042 issued on March 19, 2020, the hearing on the motion to remand now set for March 23, 2020 is taken off calendar.

    However, the Court concludes that oral argument is unnecessary as to the motion and, pursuant to Central District of California Local Rule 7-15, issues the attached ruling on said motion.

:

Initials of Preparer   JG

I.  **Background**

On December 17, 2019, Plaintiffs Alejandra Arteaga and Martha Sahagun ("Plaintiffs") filed a complaint against FCA US LLC ("FCA") and Los Angeles Motor Cars, Inc., d.b.a. Los Angeles Chrysler Dodge Jeep Ram ("LA CDJR") in Los Angeles County Superior Court, asserting five state-law causes of action. Only the fifth cause of action − that FCA and LA CDJR breached the implied warranty of merchantability in violation of the Song-Beverly Consumer Warranty Act, *see* Cal. Civ. Code §§ 1791.1, 1794, 1795.5 − involves LA CDJR. Compl. ¶¶ 28-32.

Plaintiffs allege the following: On or about February 23, 2015, Plaintiffs purchased a 2012 Jeep Grand Cherokee ("Vehicle"). *See* Complaint for Violations of Statutory Obligations ("Compl.") ¶ 7, Docket. No. 1-3, Ex. A. The purchase was accompanied by two express warranties: a 3 year/36,000 mile bumper-to-bumper warranty and a 5 year/100,000 mile powertrain warranty. *Id.* ¶ 8. "During the warranty period," the vehicle contained or developed defects. *Id.* ¶ 9.

FCA removed the action to this Court on January 16, 2020, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal ("NoR"), Docket. No. 1. While the notice of removal alleged that Plaintiffs are California citizens and acknowledged that LA CDJR is a California citizen, FCA nevertheless argues that removal is proper because LA CDJR is a sham defendant and that the statute of limitations for Plaintiffs' lone claim against LA CDJR expired. *Id.* ¶¶ 22-30. Plaintiffs filed the instant motion to remand, arguing that FCA did not adequately allege that they are California citizens and that Plaintiffs' claim against LA CDJR is not time-barred. *See* Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Remand ("Mot."), Docket No. 15. FCA filed an opposition. *See* Defendant FCA US LLC's Opposition to Plaintiffs' Motion to Remand ("Opp."), Docket No. 17. Plaintiffs filed a reply. *See* Plaintiffs' Reply in Support of Plaintiffs' Motion to Remand, Docket No. 18.

II.  **Legal Standard**

Federal courts operate under the presumption that they do not have jurisdiction over state-law causes of action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party seeking removal has the burden of showing that the federal court has jurisdiction over the

matter and that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts strictly construe the removal statute against removal jurisdiction, *id.*, and must reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

### III. Discussion

#### A. Pleading citizenship

Plaintiffs claim there is no diversity jurisdiction because FCA did not adequately plead that Plaintiffs are citizens of California. Mot. at 9-10. The notice of removal asserts that Plaintiffs are citizens and residents of California. NoR ¶ 22. In support of this claim, however, it cites only the Complaint. While the Complaint states that Plaintiffs are California residents, Compl. ¶ 2, it says nothing about their citizenship. This, Plaintiffs argue, is insufficient. However, the Ninth Circuit rejected a very similar argument in *Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223 (9th Cir. 2019). *Ehrman* involved a class action complaint in state court that was removed to federal court under the Class Action Fairness Act of 2005. In its notice of removal, the defendant noted the plaintiff's admission in the complaint that he was a resident of California, and then alleged on information and belief that the plaintiff and purported class members were all citizens of California. The Ninth Circuit rejected the plaintiff's argument that the allegations of citizenship were insufficient. It found that "a defendant's allegations of citizenship may be based solely on information and belief," *id.* at 1227, and that where, as here, the allegations are "unchallenged factually," *id.* at 1225, they are sufficient to plead diversity. Plaintiffs point to two cases in this district − *Metropoulos v. BMW of N. Am.*, CV 17-982 PA (ASx), 2017 WL 564205 (C.D.Cal. Feb. 9, 2017), and *Houston v. Bank of Am.*, CV 14-02786 MMM (AJWx), 2014 WL 2958216 (C.D. Cal. Jun. 26, 2014) − where the issue was decided the other way. *See* Mot. at 10. However, these decisions were both issued before *Ehrman*. Since *Ehrman*, courts in this district have found these allegations of citizenship sufficient. *See, e.g., Coronel v. Ford Motor Co.*, CV 19-09841-DSF-(JEMx) 2020 WL 550690 (C.D. Cal. Feb. 4, 2020) (finding that a notice of removal's allegation that plaintiff was a citizen of California was sufficient, despite it citing only the complaint, which acknowledged that plaintiff was a resident of California but said nothing of citizenship); *Lee v. BMW of N. Am.*, SACV 19-01722-JVS-(ADSx) 2019 WL 6838911 (C.D. Cal. Dec. 16, 2019) (same). Here, Plaintiffs have not factually challenged FCA's allegation of citizenship. Therefore, the notice of removal's allegation that Plaintiffs are citizens of California is sufficient.

### B. Dismissal of LA CDJR under Federal Rule of Civil Procedure 21

Alternatively, FCA asked the Court to exercise its discretion under Federal Rule of Civil Procedure 21 to dismiss LA CDJR as a party. Opp. 13-14. Dismissal of dispensable non-diverse parties should be exercised sparingly. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). Given this and the strong presumption against exercising removal jurisdiction, the Court declines to dismiss here. The claims against FCA and LA CDJR are sufficiently intertwined, factually and legally, such that dismissal would be inconvenient and inefficient. Since it appears Plaintiff will allege that LA CDJR performed repairs of the allegedly defective vehicle, it would be far more convenient for Plaintiff to present any claims concerning LA CDJR's failure to repair in the same case as claims concerning any manufacturing defects.

### C. Fraudulent Joinder

FCA argues that diversity jurisdiction exists here, even if the Court finds that LA CDJR is a citizen of California. Although diversity jurisdiction typically requires complete diversity of citizenship, there is an exception to the complete-diversity requirement where "a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). FCA claims that the exception applies here. NoR ¶ 29. "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). However, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044 (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)). FCA argues that LA CDJR has been fraudulently joined because Plaintiffs fail to state a cause of action against it as the applicable statute of limitations has expired. NoR ¶ 28.

The burden of proving fraudulent joinder is a heavy one, and FCA fails to carry it here. There are two time-limits applicable to Plaintiffs' breach of implied warranty claim against LA CDJR. First, there is a durational limitation: under California Civil Code § 1795.5(c), implied warranties for used goods (both parties appear to agree that the Vehicle is a used good) exist for up to three months following the sale. Here, to state a breach of implied warranty claim, a plaintiff must allege that the product was unfit or unmerchantable within three months after delivery of the good. Plaintiffs allege that the breach of implied warranty occurred "[a]t the time of purchase, or

3

within one-year thereafter." Compl. ¶ 31. This is potentially problematic, as the implied warranty period extends to only three months after the purchase date − not one year. FCA, however, has not raised this particular durational-limitation issue, and so the Court will not do so here. However, FCA has challenged the second time limit − the statute of limitations. The Song-Beverly Act does not contain its own statute of limitations. Instead, claims under it are governed by the same statute of limitations as for warranties under California Commercial Code § 2725. *See Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305-06 (2009). Under that statute, claims "must be commenced within four years after the cause of action accrued" and that typically "[a] breach of warranty occurs when tender of delivery is made." Cal. Com. Code, § 2725. However, the statute contains a delayed-discovery exception: "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Cal. Com. Code, § 2725.

The parties dispute when the cause of action accrued. FCA argues that it began at the time of sale − on or about February 23, 2015. In that case, the statute of limitations would have expired nearly eight months before Plaintiffs filed their complaint in state court in December of 2019. Plaintiffs claim that the delayed-discovery exception applies here. According to Plaintiffs, the statute of limitations on the *implied* warranty claim was tolled until discovery of the breach by operation of the two *express* warranties (which clearly extended to future performance). Plaintiffs argue that the discovery did not occur until "shortly before the lawsuit was filed," and that therefore their suit is timely. Mot. at 7. Plaintiffs point to two decisions in this district that permitted this kind of cross-tolling. *See Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908 (C.D. Cal. 2010); *Falco v. Nissan N. Am., Inc.*, CV 13-00686-DDP-(MANx), 2013 WL 5575065 (C.D. Cal. Oct. 10, 2013). Following the reasoning in these decisions, Plaintiffs' breach of implied warranty claim against LA CDJR would be timely. FCA points to some minor factual differences, *see* Opp. At 10, and the fact that the cross-tolling permitted in *Ehrlich* and *Falco* appears to be an outlier that has not been followed by other courts. *See, e.g., Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950 (N.D. Cal. 2018); *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087 (N.D. Cal. 2014). However, because − in evaluating whether there is fraudulent joinder − the bar is simply whether "there is *any* possibility that the state law might impose liability on a resident defendant," *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) (quoting *Florence v. Crescent Res., LLC*, 484 F.3d

1293, 1299 (11th Cir. 2007)) (emphasis added), the Court finds that LA CDJR is not a sham defendant.

Because the Court finds that: (1) FCA have adequately alleged that Plaintiffs are California citizens and (2) Plaintiffs have adequately pled a claim against LA CDJR, there is no diversity jurisdiction here and no need for the Court to consider the remaining issues raised by the parties.

## IV.     Conclusion

Based on the foregoing discussion, the Court would **GRANT** the motion to remand.